### In re MIDWEST OIL CO.

(Court of Appeals of District of Columbia. Submitted January 16, 1923.
Decided June 4, 1923.)

No. 1556.

1. **Trade-marks and trade-names and unfair competition ☞43—"Avio" and "Aviolina" held deceptively similar.**

  The word "Avio," as a trade-mark for lubricating oils and gasoline, is deceptively similar to a previously registered trade-mark "Aviolina," applied to goods of the same kind, since the word "Avio" is the principal distinguishing feature of each mark.

2. **Trade-marks and trade-names and unfair competition ☞44—Benefit of doubt as to similarity must be given to prior appropriation.**

  Where there is reasonable doubt as to whether the trade would be confused by the similarity of applicant's mark and a prior trade-mark, the benefit of that doubt must be given to the prior appropriation.

Appeal from the Commissioner of Patents.

Application by the Midwest Oil Company for registration of a trademark. From a decision denying registration, the applicant appeals. Affirmed.

Amasa C. Paul, of Minneapolis, Minn., and William G. Henderson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. The Midwest Oil Company applied to the Commissioner of Patents for the registration of the word "Avio" as its trade-mark for lubricating oils, greases, gasoline, and kerosene, which trade-mark the applicant claimed to have used continuously in its business ever since April 5, 1919. The Examiner of Trade-Marks held that the dominant feature of the mark sought to be registered was similar to the mark "Aviolina," previously registered by the Atlantic Refining Company for goods of the same kind as those carrying the mark of the applicant, and therefore denied registration to the word "Avio." On appeal to the Commissioner of Patents, the action of the Examiner of Trade-Marks was affirmed by the Assistant Commissioner of Patents, and from that decision this appeal was taken.

[1] That which gives character to both marks, and which is the predominant and important feature of each of them, is the word "Avio." The syllable "lina," in "Aviolina," is apparently used as a diminutive, and that which catches and arrests the eye is the word "Avio." The prospective purchaser might well regard "Avio" as a contraction of the word "Aviolina," which would not be misunderstood, and ordering in accord with that belief accomplish a purchase of the goods of the applicant, instead of those of the registrant of the mark "Aviolina." The words employed by the applicant and by the registrant are fanciful, and convey no meaning which would permit of their differentiation on the basis of the idea conveyed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] The principal distinguishing feature of one mark is identical with that of the other, and gives a similarity to both, which raises a reasonable doubt as to whether the trade would not be confused and the public misled by the mark of the applicant. The benefit of that doubt must be given to the prior appropriation, and the decision of the Commissioner is therefore affirmed.