GARDNER SIGN CO. v. CLAUDE NEON LIGHTS, Inc., et al.

No. 4345.

Circuit Court of Appeals, Third Circuit.

Feb. 17, 1930.

234

See, also, 36 F.(2d) 827.

Jo Bailey Brown, of Pittsburgh, Pa., for appellant.

Walter J. Blenko, of Pittsburgh, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

Two bills were filed in this case, original and ancillary. On the original bill a preliminary injunction was issued against the defendants on a tentative finding of infringement. No appeal has been taken from that decree. On the ancillary bill filed by one of the defendants in the original suit a preliminary injunction was granted against the plaintiffs in that suit restraining them from circularizing the trade in respect to the substance and effect of the original preliminary injunction and from further injuring the defendant in that regard. This appeal is from that decree. The plaintiff in the decree entered on the ancillary bill has filed a petition for Writ of Certiorari Sur Diminution of the Record alleging that a certain affidavit of one C. E. Rafter, being an exhibit in the original suit, is pertinent to the issues in the ancillary suit and has been improperly omitted from and therefore should be included in the record of that suit now here on appeal. The question whether the exhibit in the original case constitutes a part of the record in the ancillary case now here on appeal was submitted to the learned district judge who entered the decree, and, after argument and due consideration, was by him decided adversely to the petitioner.

Although we have been influenced, quite properly, by the statement of the learned trial judge who heard both cases that the affidavit in question has no bearing on the instant suit, we have given the matter independent consideration and are constrained to say that we have not been persuaded that an affidavit admittedly introduced in the original suit and not introduced in the ancillary suit has any bearing on a review of the latter suit, particularly as the latter suit has to do only with actions and events which have occurred since the first suit was preliminarily determined, and as this court will not on this appeal reach back and pass on any matters

decided in the original suit, not yet here on appeal.

The petition is dismissed.