**WALTER BAKER & CO., Limited, v. ALTAMAY CHOCOLATE CO.**

Patent Appeal No. 2232.

Court of Customs and Patent Appeals.

February 21, 1930..

Putnam, Bell, Dutch & Santry, of Boston, Mass. (Stoughton Bell, of Boston, Mass., John S. Prescott, of New York City, and Parker Dodge, of Washington, D. C., of counsel), for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from the Commissioner of Patents, dismissing the opposition of appellant, Walter Baker & Company, Limited, and allowing the registration of a trade-mark for appellee, Altamay Chocolate Company. The mark of appellant is used upon preparations of chocolate and cocoa, and that of appellee is used upon a compound of chocolate, powdered milk, and sugar. The goods upon which both marks are used have the same descriptive properties.

Appellee, on January 30, 1926, made application for registration of a composite mark consisting of a partial representation of a woman in the act of pouring a liquid from a pot into a cup, and the word "Altamay's" in large letters appearing at the left of the figure of the woman, said word being in width about twice the width of the said figure; under the name "Altamay's" is a paraph in solid black. There were other words in the combination, set out in appellee's application, but these have been eliminated, and the

case comes to us with the mark as above described.

The mark of appellant, first registered in 1905, consists of a figure of a girl or woman in a Quacker costume, wearing a cap and white kerchief about her shoulders, with a white apron, carrying a tray upon which appears a cup and saucer. Only the appellant took testimony.

The question in the case is whether the mark of appellee so nearly resembles that of appellant as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

The only feature in common in the two marks is the figure of the woman. The Commissioner in his decision said:

"Unless it can be held the opposer is entitled to such protection as will preclude any later comer from using a trade mark which includes any sort of a representation of a woman, it would seem the opposition can not be sustained. As was noted by the examiner, the two marks have in common only the feature of the representation of the figure of a woman. The particular representations are quite different and have nothing else in common. The costume of opposer's waitress is wholly different from that shown in the figure adopted by the applicant, and there is nothing in common with the tray and the cups of the opposer's mark and the pot and cup of the applicant's mark. It is believed the holding in the case of Nestle & Anglo-Swiss Condensed Milk Co. v. Walter Baker & Co., Ltd., 167 O. G. 765, 37 App. D. C. 148, is controlling in the instant proceeding. In that adjudicated case the Court found that appellee, opposer here, was not the originator of the mark and that the figure of a woman in various costumes had been many times registered as a trade mark, and reached the conclusion that the opposer in the instant case was not entitled to such a broad interpretation of its mark or its rights as would preclude others from using any representation whatever of the figure of the woman in connection with goods of this character. It is believed the applicant's mark in the case at bar is more readily distinguishable from that of the opposer than was that of the appellant in the above noted adjudicated case."

Were a comparison of the two figures of a woman all that is involved, we would be unable to agree with the conclusions of the Commissioner of Patents. It is true that there are pronounced dissimilarities in the two figures. They face in opposite directions. One is pouring a liquid into a cup; the other is carrying a tray. One is dressed in a full skirt and the other is not. One is a full-length figure, the other is half-length, with a mere line suggesting the lower portion of the figure. It is stated in the answer of the appellee to the notice of opposition that the figure in its mark is a picture of the wife of a member of the appellee firm. No proof was offered upon this point, and we mention it only to say that it is strange, if the figure represents a modern woman, that she was not clothed in a modern waitress' costume. While, as stated by the Commissioner, there are pronounced dissimilarities, were the figures of the two marks alone involved, we would be compelled to hold that they so nearly resembled each other as to be likely to cause confusion or mistake in the mind of the public. It must be remembered that chocolate is a food product in daily use, consumed by multitudes of people, and the same care and discrimination would not be exercised by an ordinary purchaser in buying it as would be the case in a more valuable nonconsumable article, such as was involved in the case of International Silver Co. v. American Silver Co., 37 F.(2d) 622, decided by us at this term.

However, we agree with the Examiner of Interferences that appellee's mark must be considered as a whole. As we view it, the word "Altamay's" is the most prominent feature of the combination mark. It is that feature which first attracts the eye. It is in fanciful script, placed in an oblique angle to the figure, and is about twice its width, with a striking paraph in solid black underneath.

Appellant introduced testimony that its goods were often called for and spoken of as the "Chocolate Girl" products, and contend that appellee's mark is confusingly similar to any one who is accustomed to purchase appellant's goods under the name of "Chocolate Girl." But the Commissioner has correctly stated that appellant is not entitled to such protection as will preclude any later comer from using any sort of a representation of a woman. The words "Chocolate Girl" would apply to any figure of a woman in connection with any representation having to do with chocolate, however dissimilar in features, costume, or pose the two figures might be, and appellant concedes that it possesses no exclusive right to the figure of a woman in a trade-mark for preparations of chocolate.

We therefore think that the testimony as to purchasers of chocolate designating appellant's products as "Chocolate Girl" products is immaterial to the question here involved.

Considering the mark applied for by appellee in its entirety, and that the dominant feature of the mark is the word "Altamay's," we are of the opinion that it does not so nearly resemble that of appellant as to be likely to cause confusion or mistake in the mind of the public.

Should appellee vary the combination shown in his application by reducing the size of the word "Altamay's," or in any other way, making the representation of the woman the dominant feature of the mark, so that confusion is likely to result from the two marks, a court of equity can grant full relief to appellant.

The decision of the Commissioner is affirmed.

Affirmed.