**Application of PNEUMATIQUES, CAOUTCHOUC MANUFACTURE ET PLASTIQUES KLEBER–COLOMBES.**
Patent Appeal No. 9067.

United States Court of Customs and Patent Appeals.

Nov. 15, 1973.

Paul M. Craig, Jr., attorney of record, for appellant.

S. Wm. Cochran, for the Commissioner of Patents, R. V. Lupo, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board (abstracted at 170 USPQ 543) affirming the examiner's refusal to register appellant's mark for tires, application serial No. 307,233, filed September 12, 1968, described as follows:

The belt shown as surrounding the tire is shown in red color and the representation of the tire is disclaimed apart from the mark as shown.

Rejection is under section 2(d) of the Trademark Act (15 U.S.C. § 1052(d)) because of likelihood of confusion, mistake, or deception with reference to Reg. No. 837,954, Oct. 31, 1967, of the following mark for pneumatic tires.

# United States Patent Office

**837,954**
Registered Oct. 31, 1967

## PRINCIPAL REGISTER
## Trademark

Ser. No. 257,028, filed Oct. 24, 1966

The Armstrong Rubber Company (Connecticut corporation)
475 Elm St.
West Haven, Conn.

For: PNEUMATIC TIRES, in CLASS 35.
First use on or about Oct. 17, 1966; in commerce on or about Oct. 17, 1966.
The representation of a tire is disclaimed apart from the mark as shown.

---

Surrounding the tire which is in a vertical plane is the representation of a belt having the appearance of an automobile safety belt lying in a horizontal plane.

### OPINION

We agree with the examiner and the board that the visual and commercial impressions created by the marks "are substantially the same, and hence, that their contemporaneous use for identical goods would be likely to cause confusion or mistake or to deceive."

We recognize that there may be differences between the marks, as noted by appellant, in the types of belts involved and their orientations with respect to the tire portions of the marks. However, we are not convinced that they would be such as to be noted and so well remembered by prospective purchasers of these goods that the marks, as a whole, would be unlikely to cause confusion, mistake or to deceive within the meaning of § 2(d).

The fact that appellant's belt portion is red does not obviate the likelihood of confusion where there is no color designation for the belt portion of the reference registration.

Contrary to appellant's argument, the decision of the board does not grant "to the prior registrant an exclusive trademark to advertise its goods as belted tires" or "belted tires having inherent safety features."

If there be doubt on the issue of likelihood of confusion, the familiar rule in trademark cases, which this court has consistently applied since its creation in

1929, is that it must be resolved against the newcomer or in favor of the prior user or registrant. The rule is usually applied in inter partes cases but it applies equally to ex parte rejections.

The Court of Appeals of the District of Columbia, our predecessor in jurisdiction, in the ex parte case of In re Midwest Oil Co., 53 App.D.C. 287, 289 F. 1018 (1923), held that the benefit of the doubt "as to whether the trade would not be confused and the public misled" must be given "to the prior appropriation."

Similarly, the rule that doubt as to likelihood of confusion shall be resolved against the newcomer has been applied in the Patent Office in ex parte cases from an early time as shown by the decisions in Ex parte Brown, 1909 C.D. 96, 143 O.G. 561 (Com'r.); Ex parte Barrett Mfg. Co., 1910 C.D. 225, 160 O.G. 1272 (Com'r.); Ex parte St. Anthony Milling & Elevator Co., 1910 C.D. 253 (Com'r.); Ex parte The Auto Grand Piano Co., 1910 C.D. 86, 155 O.G. 307 (Com'r.); Ex parte The Charles E. Hires Co., 1912 C.D. 203, 180 O.G. 879 (Com'r.).

The decision of the board is affirmed. Affirmed.