**In re MARS, INCORPORATED.**

**Appeal No. 84–835.**

United States Court of Appeals,
Federal Circuit.

Decided Aug. 10, 1984.

Bradford E. Kile, Washington, D.C., argued for appellant. With him on the brief was John J. Byrne, Washington, D.C.

Henry W. Tarring, III, Arlington, argued for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Jere W. Sears, Deputy Sol., Washington, D.C.

Before FRIEDMAN, RICH and BALDWIN, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the November 30, 1983, decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board) affirming the ex parte rejection of appellant's application, Ser. No. 202,876, to register the work-

15. *Alger,* 3 Cl.Ct. at 249.

mark CANYON for "candy bars." We reverse.

## OPINION

The sole ground of refusal to register rests on section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)). The PTO position is that there would be "likelihood of confusion between applicant's mark and Reg. No. 254,-768 for the mark 'CANYON' for fresh citrus fruits—namely, oranges, lemons and grapefruit."

Although the reference registration depicts the registered mark with a fanciful lettering design, we treat the two marks as legally identical word-marks. We take notice of the fact that the marks consist of a common English word, the meaning of which is unrelated to any of the involved goods. The PTO opinion was that "candy bars and fresh citrus fruits bear such a close relationship" that there would be a likelihood of confusion. There being no evidence in this ex parte case, this is merely a matter of opinion with which we respectfully disagree.

We have considered the board's opinion in the VISTA case (*Midwest Biscuit Co. v. John Livacich Produce, Inc.*, 203 USPQ 628 (1979)) and note that it was an opposition wherein a commercial entity outside the PTO made of record its reasons for believing confusion would be likely. Such a situation does not exist here.

The board opinion has conceded that this is a "borderline" case of likelihood of confusion, that the "possibility of confusion would not be great," and that its "decision is [not] free from doubt." It then applied the rule that doubts are to be resolved against newcomers, citing *In re Pneumatiques*, 179 USPQ 729 (CCPA 1973), and *In re Colonial Stores*, 216 USPQ 793 (TTAB 1982). In *Pneumatiques*, the goods were identical (auto tires) and the design marks both conveyed pictorially the idea of belted tires. In *Colonial*, the marks were identical and the goods were bread and prepared meat products, respectively, both coming out of food processing plants.

As often stated by our predecessor, the Court of Customs and Patent Appeals, each case has to be decided on its own facts. Here, we feel that the case is over the borderline and does not, in our minds, give rise to any substantial doubt. Under the circumstances, we hold that the rejection was in error and that the application should be passed to publication.

The decision of the board is *reversed.*

REVERSED.