### In re MARTIN'S FAMOUS PASTRY SHOPPE, INC.

**Appeal No. 84–1023.**

United States Court of Appeals, Federal Circuit.

Nov. 27, 1984.

Franklin A. Miles, Jr., McNees, Wallace & Nurick, Harrisburg, argued for appellant.

Robert D. Edmonds, Associate Sol., Arlington, Va., argued for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Jere W. Sears, Deputy Sol., Washington, D.C.

Before KASHIWA, NIES, and NEWMAN, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

This appeal is from the January 17, 1984 decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office (Board), affirming the ex parte rejection of appellant's application, Ser. No. 280,013, to register the word-mark MARTIN'S for "wheat bran and honey bread". We affirm.

The refusal to register rests on section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). The Board held, in a two-to-one decision, that there would be a likelihood of confusion between applicant's mark and Reg. No. 1,032,429 for the mark MARTIN'S for "cheese". 221 USPQ 364 (TTAB 1984). A different majority of Board members reversed the examiner's refusal to register MARTIN'S FAMOUS PASTRY SHOPPE INC. with design, subject to a disclaimer requirement. This portion of the Board's decision has not been appealed.

Likelihood of confusion under section 2(d) is determined from the probative facts in evidence. *In re E.I. Du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). The first factor to be considered is the similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression. This factor weighs heavily against applicant, as the two word marks are identical: MARTIN'S. MARTIN'S is not suggestive or descriptive of either bread or cheese.

We look next to the named goods in connection with which each mark is used. We agree with the Board that applicant's baked goods and registrant's cheese "ex-

hibit cognizable differences". 221 USPQ at 366. The goods in question, bread and cheese, nevertheless travel in the same channels of trade and are sold by the same retail outlets. Although dairy products generally need to be refrigerated and may be kept in a separate area of a market, it was not error for the Board to take notice of the fact that "a wide variety of baked goods are now stored and sold in supermarkets in frozen or refrigerated form" or that "deli counters may well display bread and rolls in close proximity to the cold cuts and cheeses purveyed there." *Id.* Bread and cheese are staple, relatively inexpensive comestibles, subject to frequent replacement. Purchasers of such products have long been held to a lesser standard of purchasing care. *Walter Baker & Co. v. Altamay Chocolate Co.*, 37 F.2d 957, 958, 4 USPQ 159, 161 (CCPA 1930); *Specialty Brands, Inc. v. Coffee Bean Distributors, Inc.*, 748 F.2d 669, — USPQ — (Fed.Cir. 1984).

The record is silent as to whether MARTIN'S for cheese is or may be a well-known or famous trademark. We do however observe that the registration of the MARTIN'S trademark for use with cheese states that the mark has been in use since 1891. There was no evidence presented of use of similar marks by others, or of actual confusion in the marketplace.

The Board considered the fact that bread and cheese are likely to be used together as relevant to the question of likelihood of confusion. 221 USPQ at 366. Applicant contends that the "complementary use" test has no utility in food cases as the number of food products which can be used in combination is so great as to render this test meaningless. Applicant maintains that the Board gave its finding of complementary use controlling weight and that but for this factor it would not have affirmed the Trademark Examiner's refusal to register its mark.

■ Applicant thus argues that food products should be an exception to the complementary use test, and that the fact that identical marks are used on different but related food products should not be con-

sidered in a determination of likelihood of confusion. We find no basis in law or experience for creating such an exception. Evidence of complementary use may be given more or less weight depending on the nature of the goods, but this evidence may not be ignored. The extent to which particular food products are deemed related will depend on the facts of each individual case. In the instant case, we take notice that the products "bread" and "cheese" are often used in combination. Such complementary use has long been recognized as a relevant consideration in determining a likelihood of confusion. In *Sholl Dental Laboratory Co. v. McKesson & Robbins, Inc.*, 150 F.2d 718, 720, 66 USPQ 223, 226 (CCPA 1945), the court said "we deem it proper to say that, while not controlling, conjoint use is a fact proper to be considered along with other facts present in particular cases."

■ The Board's opinion made clear that this was only one consideration in its likelihood of confusion analysis:

> In giving credence to complementary use, the Board has stressed that it did not wish to overdraw the importance of this element, viewing it as but one factor in the likelihood of confusion equation ... yet not something to be ignored in close cases such as that now before us where the kinds of products involved do exhibit cognizable differences.... It provides one leg to the kind of product association that we believe would lead purchasers and consumers to assume a common source in the face of the same marks on such products—and that, after all, is the critical inquiry in these cases rather than complementary use per se.

221 USPQ at 366. We agree with the Board that the complementary nature of bread and cheese cannot be ignored, and that the association of identical trademarks with these products is likely to produce confusion when the products are not of common origin.

In the case at bar, there is an extensive pattern of complementary interests: the channels of trade, the types of stores, the commonality of purchasers, and the con-

joint use. These facts are distinguished from those of *In re Mars, Inc.,* 741 F.2d 395, 222 USPQ 938 (Fed.Cir.1984), in which we found no likelihood of confusion between the applicant's mark CANYON for candy bars and a prior registrant's identical mark for fresh citrus fruit. The cumulative effect of all contributing factors must be weighed, as each case is decided on its own facts. *Massey Junior College, Inc. v. Fashion Institute of Technology,* 492 F.2d 1399, 1404, 181 USPQ 272, 275–76 (CCPA 1974). To the extent that any doubts may remain, it is proper that they be resolved in favor of the prior registrant. *In re Pneumatiques, Caoutchouc Manufacture et Plastiques Kleber-Colombes,* 487 F.2d 918, 179 USPQ 729 (CCPA 1973).

■ After reviewing the entire record and weighing all relevant factors, we hold that there is a likelihood of confusion within the meaning of 15 U.S.C. § 1052(d) between the marks MARTIN'S for wheat bran and honey bread and MARTIN'S for cheese.

The decision of the Board is affirmed.

AFFIRMED.