## In re HYPER SHOPPES (OHIO), INC.

### No. 87–1410.

United States Court of Appeals,
Federal Circuit.

Jan. 13, 1988.

James D. Liles, of Frost & Jacobs, Cincinnati, Ohio, argued for appellant. With him on the brief were James H. Hayes and Ronald J. Snyder, of Frost & Jacobs, Cincinnati, Ohio.

Nancy E. Slutter, Asst. Sol., Arlington, Va., argued for appellee. With her on the brief were Joseph E. Nakamura, Sol., and Fred E. McKelvey, Deputy Sol.

Before RICH and DAVIS, Circuit Judges, and BENNETT, Senior Circuit Judge.

RICH, Circuit Judge.

This appeal is from the March 31, 1987, decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board), affirming the final refusal to register two closely related marks, shown below, applications serial Nos. 504,148 and 504,077, both filed October 16, 1984, for "retail grocery and general merchandise store services." We affirm.

S. No. 504,148

S. No. 504,077

## OPINION

■ The decision in this case is controlled by the provision of section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)) forbidding registration if the mark sought to be registered

Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office ... by another and not abandoned, as to be likely, when applied to the goods [or services] of the applicant to cause confusion, or to cause mistake, or to deceive; ....

Injection of the bracketed words is justified by Section 3 of the Act (15 U.S.C. § 1053) which provides for the registration of service marks and makes them subject to the provisions for trademarks. Rejection here is based on the prior registration of the trademark "Biggs" shown within an oval border, Reg. No. 538,503, issued February 27, 1951, and still maintained by renewal, for a wide variety of "Wooden and Upholstered Furniture" enumerated in the registration. The registration asserts use of the illustrated mark since 1932 and of "the name 'Biggs'" as a trademark by the registrant since 1892.

The PTO's trademark examining attorney and the members of the board were all of the opinion that applicant's marks applied to its services would fall within the prohibition of section 2(d), and so are we. The reason is that applicant's "general merchandise store services" would include the sale of furniture and the evidence introduced by the applicant in voluminous quantity makes it clear—though its arguments attempt to play down the fact—that it does in fact sell furniture. What else it sells is irrelevant; there is overlap.

Though applicant's corporate name is as indicated by the title of this appeal, it calls itself "Bigg's" in its advertising, as grammar may dictate, and with a capital "B," though it displays signs in lower case "bigg's" in the form sought to be registered. A "hypershoppe," or "hypermarket," according to the briefs, is a European merchandising concept combining a supermarket (food store) and department store, a huge store under one roof which sells just about everything. Applicant's briefs invite us to imagine "Sears" combined with a supermarket. Furniture would be a substantial section of many if not most department stores and certainly is in many Sears stores. Thus, applicant's services include the sale of furniture, the goods for which there is an existing registration of the trademark "Biggs."

The invitation or exhortation to find significant distinctions between "bigg's" and "Biggs," sufficient to insulate the general purchasing public's collective mind from the likelihood of confusion or mistake as to the source or sponsorship of furniture purveyed under those marks, fails to convince us that the decision of the PTO is erroneous.

■ The only aspect of this case which is unusual is that the marks sought to be registered are for services while the prior registration on which their registration is refused is for wares. Considering the facts (a) that trademarks for goods find their principal use in connection with *selling* the goods and (b) that the applicant's services are general merchandising—that is to say *selling*—services, we find this aspect of the case to be of little or no legal significance. The respective marks will have their only impact on the purchasing public in the same marketplace. Any doubts about likelihood of confusion, etc.,

under § 2(d) must be resolved against applicant as the newcomer. *In re Pneumatiques, Caoutchouc Mfr.*, 487 F.2d 918, 179 USPQ 729 (CCPA 1973). Applicant clearly is a newcomer.

Applicant's voluminous evidence showing what its hypermarkets are like and how it has made hay out of its "bigg's" marks by emphasizing in advertising the big- (or bigg-)ness of their stores seems to us for the most part to be irrelevant to the problem of taking this case out of the prohibition of section 2(d).

The decision of the board is *affirmed.*

AFFIRMED.