907 F.2d 157
 17 U.S.P.Q.2d 1335
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re HAIR MASTERS SERVICES, INC.
 No. 90-1103.
 United States Court of Appeals, Federal Circuit.
 June 7, 1990.
 
 Before PAULINE NEWMAN and MAYER, Circuit Judges, and ADRIAN G. DUPLANTIER, District Judge.*
 DECISION
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 The decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board, Serial No. 647,045 (Sept. 28, 1989) refusing registration of the service mark
 
 
 2
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 3
 for the services "Men's and women's hair cutting, styling, coloring, perming and nail care services rendered in unisex, male/female hair salons", in view of the prior registration of the trademark
 
 HAIRMASTER
 
 4
 for "Toilet and cosmetic preparations--namely, hair tonic", is reversed.
 
 OPINION
 
 5
 Likelihood of confusion, 15 U.S.C. Sec. 1052(d), is a question of law, and is reviewed for correctness. Bongrain Int'l (Am.) Corp. v. Delice de France, Inc., 811 F.2d 1479, 1485, 1 USPQ2d 1775, 1779 (Fed.Cir.1987).
 
 
 6
 The Board held that there was a likelihood of confusion between the two marks. We have reviewed the evidence as to the DuPont factors [In re E.I. DuPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567-68 (CCPA 1973) ], and considered the cumulative effect of the similarities and differences in the essential characteristics of the goods and marks. See Federated Foods, Inc. v. Fort Howard Paper Co., 544 F.2d 1098, 1103, 192 USPQ 24, 29 (CCPA 1976). We conclude that the differences in the services rendered under the applicant's mark as compared with the goods to which the registrant's mark is applied, coupled with the separate words and emphasis and the difference in presentation of the applicant's mark, outweigh the contrary arguments. While there are factors weighing on each side, on the record before us we do not discern the doubt favoring likelihood of confusion as would support refusal of registration. See In re Mars, 741 F.2d 395, 396, 222 USPQ 938, 938 (Fed.Cir.1984) (each case must be decided on its facts).
 
 
 7
 MAYER, Circuit Judge, dissents.
 
 
 
 *
 The Honorable Adrian G. Duplantier, United States District Court for the Eastern District of Louisiana, sitting by desig-nation pursuant to 28 U.S.C. Sec. 293(a)