979 F.2d 217
 25 U.S.P.Q.2d 1316
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CURTICE-BURNS FOODS, INC.
 No. 92-1212.
 United States Court of Appeals, Federal Circuit.
 Sept. 21, 1992.
 
 Before PAULINE NEWMAN, PLAGER and RADER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 We affirm the decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office,[1] affirming the examiner's refusal to register THE RIGHT STUFF as a trademark for goods described as "popped popcorn".
 
 DISCUSSION
 
 2
 This refusal to register was based on section 2(d) of the Lanham Trademark Act, 15 U.S.C. § 1052(d). Likelihood of confusion under section 2(d) is determined from the probative facts in evidence. The factors that may be considered when appropriate have been collected in In re E.I. Du Pont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563, (CCPA 1973). No single factor is controlling, and each case is unique. Id., 476 F.2d at 1361, 177 USPQ at 567. The Board held that there was likelihood of confusion between the applicant's mark and the mark THE RIGHT STUFF, registered for goods described as "packaged foods consisting of sandwiches". The registered mark was prior in use.
 
 
 3
 The applicant's mark is composed of the same words as the registered mark. It is identical in sound, connotation, and commercial impression to the registered mark. These factors weigh heavily against the applicant, In re Martin's Famous Pastry Shoppe, Inc., 748 F.2d 1565, 223 USPQ 1289 (Fed.Cir.1984), as does the prior use. Specialty Brands, Inc. v. Coffee Bean Distributors, Inc., 748 F.2d 669, 223 USPQ 1281 (Fed.Cir.1984). Nor is THE RIGHT STUFF descriptive of either popcorn or sandwiches, as the applicant suggests. Although applicant argues to the contrary, we discern no error in the Board's findings that popcorn and sandwiches move in similar channels of trade and are sold by the same retail outlets. Applicant argues that popcorn and sandwiches are fundamentally different, citing differences in their methods of manufacture, packaging, perishability, conditions of storage, and locations in retail outlets. However, as the Board correctly observed, each is a pre-packaged food item. The Examining Attorney identified sixteen trademark registrants that included both sandwiches and popcorn in their description of the goods to which their marks were applied.
 
 
 4
 Applicant submitted a survey to show that the products "popcorn" and "sandwiches" are seldom consumed together and that consumers who were asked what other products a company that makes sandwiches would sell rarely mentioned popcorn. Survey evidence is relevant, as is all evidence of likelihood of confusion or its absence. Weighing against this survey evidence is an extensive pattern of complementary interests: the channels of trade, the types of stores, and the commonality of purchasers. Popcorn and sandwiches are relatively inexpensive comestibles, likely to be purchased without careful scrutiny. Purchasers of such products are not held to a high standard of purchasing care in assessing likelihood of confusion as to source of goods bearing the identical trademark. Doubt as to likelihood of purchaser confusion as to source is resolved against the newcomer. Martin's Famous Pastry Shoppe, 748 F.2d at 1568, 223 USPQ at 1290.
 
 
 
 [1]
 Application Serial No. 73/777,874 of Curtice-Burns Foods, Inc., Unpublished Appeal (Trademark Trial & Appeal Board, November 27, 1991)