**BURGER CHEF SYSTEMS, INC.,**
**Appellant,**

v.

**BURGER MAN, INC., Appellee.**

**Patent Appeal No. 9185.**

United States Court of Customs
and Patent Appeals.
March 14, 1974.

---

Catherine F. McCarthy, General Foods
Corp., Law Dept., White Plains, N. Y.,
attorney of record, for appellant.

Oliver P. Howes, Jr., New York City,
attorney of record, for appellee.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, LANE and MIL-
LER, Judges.

RICH, Judge.

This appeal is from the decision of
the Patent Office Trademark Trial and
Appeal Board, one member dissenting,
176 USPQ 191 (1972), dismissing an op-
position to the registration of the words
"Burger Man" with the design of a man
as a composite trademark for "drive-in
and carry out restaurant services." We
reverse.

Opposer is the acknowledged prior
user and registrant of "BURGER
CHEF" for drive-in restaurant services,
Reg. No. 745,577, issued February 19,
1963, claiming use since 1957, and owns
other registrations thereof for food
products, soft drink syrups, and appara-
tus related to its restaurant business.
Opposer has a chain of over eleven hun-
dred restaurants, either owned or fran-
chised, and during the five-year period
1967–1971 those restaurants did a gross
business of $771 million in connection
with which $19 million was spent on
promotion.

The mark sought to be registered is
as follows:

As the dissenting member of the
board pointed out, the composite mark
"conjures up the same commercial im-
pression as opposer's 'BURGER CHEF'
mark" because the man in the mark sug-
gests the idea of a chef. This view
points up a main area of contention be-
tween the parties—and between the
members of the board. Query: What is
the Burger Man wearing, particularly on
his head? Is he a chef,* as appellant
contends, or a waiter, as appellee con-
tends? Appellant's brief makes the
self-serving assumption that appellee's
mark contains the representation of a
chef and appellee's brief makes the

---

\* Chef is defined in Webster's New Interna-
tional Dictionary, 2d Ed., inter alia, as "2.

The head cook of a large establishment, as a
hotel or club; hence, loosely, a cook."

equally self-serving contention that he is wearing a waiter's vest and striped pants and is therefore not a chef. Appellee does admit that the Burger Man "is wearing a cook's or chef's hat" but argues that this does not create the impression that the man is a chef. Perhaps the Burger Man is a short-order cook who is running a hamburger stand, perhaps he is sui generis; but taking judicial notice of the fact that waiters in general do not wear hats, we cannot escape the impression that the object on his head is a chef's hat of sorts and, remembering that trademarks are psychological, we think Burger Man does conjure up the concept of "chef." A chef is a man, more often than not, and therefore a Burger Man who is a chef creates a psychological impression akin to that created by the trademark "BURGER CHEF" in the mind of the beholder. This, we think, would be particularly true under the circumstances of use of the marks by the parties in chain restaurants catering to the motorist trade where many customers are on the move and in a hurry and often select their eateries on the basis of casual recollection of what they may have experienced in other places at other times, or on the basis of the psychological impact of a TV or radio commercial which may have made a fleeting impression.

We think there is a clear likelihood of confusion between "BURGER CHEF" and "Burger Man" coupled with a picture of what many observers will take, rightly or wrongly, to be a chef.

Another point urged by appellee is that appellant does not use a design in connection with its word mark. This conclusion appears to be predicated on the registrations of record. But the registrations are not the whole story on how appellant *uses* its "BURGER CHEF" trademark. The evidence, including numerous photographs of signs at various of appellant's restaurants, shows that opposer's signs have commonly included a representation of a chef in association with the word-mark "BURGER CHEF." Appellant is enti-

tled, in an opposition, to rely on its uses as well as its registrations. These uses, which were not contested by appellee, we think give further support to the likelihood of confusion.

We recognize, as both the record and common sense tend to show, that "burger" is a popular name for hamburger steak and sandwiches made therewith and is a term in general use by others selling such merchandise. But in this case we have to consider the specific marks before us as a whole, compare them with each other, and determine as best we can from all the circumstances whether confusion is likely, to the damage of opposer. We conclude that it is likely.

The decision of the board is reversed. Reversed.