**BURGER CHEF SYSTEMS, INC., Appellant,**

v.

**SANDWICH CHEF, INC., Appellee.**

**Appeal No. 79–547.**

United States Court of Customs and Patent Appeals.

Oct. 25, 1979.

Edward J. Moy, White Plains, N. Y., attorney of record for appellant.

Manning G. Warren, III, Birmingham, Ala., attorney of record for appellee; J. Michael Rediker, Birmingham, Ala., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and WATSON,* Judges.

MILLER, Judge.

This is an appeal from the decision of the Patent and Trademark Office Trademark Trial and Appeal Board ("board"),[1] dismissing an opposition to the registration of appellee's "SANDWICH CHEF" and design mark. The board held that there was no likelihood of confusion over the source of the services offered from the contemporaneous use of opposer's "BURGER CHEF" and "SANDWICH CHEF" in "their natural settings with distinctly different chef caricatures."[2] We affirm.

---

* The Honorable James L. Watson, United States Customs Court, sitting by designation.

1. Reported at 201 USPQ 611 (1978).

2. Section 2(d) of the Lanham Act (15 U.S.C. § 1052(d)) provides in pertinent part that:

 No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

 . . . . .

 (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive . . ..

## BACKGROUND

Sandwich Chef, Inc. has filed an application[3] for registration of the following service mark.

Burger Chef Systems, Inc. has opposed registration alleging prior use and a likelihood of confusion, mistake, or deception when applicant's mark is applied to applicant's services concurrently with opposer's use of its marks. Appellant's common-law mark is shown below.

Appellant's registered marks[4] include "BURGER CHEF" and the following.

The board said that, because the services associated with the marks are identical, the only question was whether appellee's "SANDWICH CHEF" design mark would be equated with or confused with opposer's "BURGER CHEF" mark "used alone and/or with a chef design." It opined that, although there could be no dispute that a "burger" is a type of sandwich, the average person upon encountering a "BURGER CHEF" sign or restaurant would recognize and accept it at its face meaning and not attempt to equate the term "BURGER" with the term "SANDWICH." The board also said that persons seeking or frequenting appellee's "SANDWICH CHEF" eating places would not be likely to substitute the word "BURGER" for "SANDWICH" either in referring to or in recollecting those eating places.

## OPINION

 It is well settled that in considering the question of likelihood of confusion, the only relevant application of the law to the facts is in the context of the marketplace, because that is where confusion of prospective purchasers would occur; moreover, all evidence of record bearing on the question of likelihood of confusion must be considered. *In re E. I. DuPont DeNemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (Cust. & Pat.App.1973). The record before us clearly indicates that, in reaching its decision on the question of likelihood of confusion, the board considered all factors listed in *DuPont, supra* at 1361, 177 USPQ at 567, which are relevant here. The decision is amply supported by the evidence.

3. Serial No. 26,298, filed July 8, 1974, published December 30, 1975, "for restaurant services."

4. Registration Nos. 972,971, issued November 13, 1973; 663,872, issued July 1, 1958; 673,795,

issued February 10, 1959; 745,577, issued February 19, 1963; and 796,027, issued September 14, 1965.

It is also well settled that, in considering the question of likelihood of confusion, although the involved marks must be regarded in their entireties, it is proper to recognize that one feature of a mark is more significant than the other features and to give greater force and effect to that dominant feature. *Martin v. Crown Zellerbach Corp.*, 422 F.2d 918, 920, 57 CCPA 968, 970, 165 USPQ 171, 172 *cert. denied*, 400 U.S. 911, 91 S.Ct. 140, 27 L.Ed.2d 151 (1970). *See Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 917, 189 USPQ 693, 695 (Cust. & Pat.App.1976). Therefore, appellant's argument that the board erred in recognizing that the terms "BURGER" and "SANDWICH" are dominant features of the respective marks is not well taken.

Appellant states that the common-law mark and appellee's mark are "quite similar" and implies that the board failed to consider its common-law mark. At most, the implication amounts to a restatement of the likelihood of confusion issue involving appellant's common-law mark and designation "BURGER CHEF" compared to the "SANDWICH CHEF" mark. As related above, the board made the proper inquiries, and its decision has ample basis in the record.

Appellant also implies that the board used "an actual confusion" test rather than the test of "likelihood of confusion." This, too, is without merit. *DuPont, supra* at 1361, 177 USPQ at 567, expressly states that the nature and extent of any actual confusion, and the length of time during and conditions under which there has been concurrent use without evidence of actual confusion are factors that *must* be considered, when of record, in testing for likelihood of confusion. Also, it is clear from the board's opinion [5] that it considered the absence of actual confusion as merely one factor in holding that the marks differ "sufficiently . . . to preclude a likelihood of confusion."

Finally, appellant argues that the board failed to resolve doubt in favor of the prior user. However, it does not identify any doubt manifested by the examiner or members of the board, and we have none.

Appellant cites *Burger Chef Systems, Inc. v. Burger Man, Inc.*, 492 F.2d 1398, 181 USPQ 168 (Cust. & Pat.App.1974), in which this court, in reversing the dismissal of an opposition to the registration of the words "Burger Man" with the design of a man as a composite trademark for "drive-in and carryout restaurant services," recognized:

> the circumstances of use of the marks by the parties in chain restaurants catering to the motorist trade where many customers are on the move and in a hurry and often select their eateries on the basis of casual recollection of what they may have experienced in other places at other times, or on the basis of the psychological impact of a TV or radio commercial which may have made a fleeting impression.

However, a case involving the mark "Burger Man" can hardly serve as precedent for a decision involving the mark "SANDWICH CHEF" with a distinct caricature. *Interstate Brands Corp. v. Celestial Seasonings, Inc.*, 576 F.2d 926, 927, 198 USPQ 151, 152 (Cust. & Pat.App.1978); *Industrial Nucleonics Corp. v. Hinde*, 475 F.2d 1197, 1199, 177 USPQ 386, 387 (Cust. & Pat.App.1973).

AFFIRMED.

5. The board observed: "Both opposer and applicant have acknowledged that they are unaware of any instance of actual confusion, misdirected mail, or inquiry resulting from the con- temporaneous offering and marketing of their respective restaurant services under the marks here in issue."