KIMBERLY–CLARK CORPORATION, Appellant,

v.

H. DOUGLAS ENTERPRISES, LTD., Appellee.

Appeal No. 85–1261.

United States Court of Appeals, Federal Circuit.

Oct. 11, 1985.

Dean A. Olds, Willian, Brinks, Olds, Hofer, Gilson & Lione, Ltd., Chicago, Ill., argued for appellant. With him on brief was Thomas M. O'Malley, Chicago, Ill.; Boyd A. Tracy, Kimberly-Clark, Neenah, Wis., of counsel.

Jordan S. Weinstein, Weinstein, Kimmelman & Weinstein, Philadelphia, Pa., argued for appellee. With him on brief was Louis Weinstein, Philadelphia, Pa.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and HARVEY, Senior District Judge.*

DAVIS, Circuit Judge.

Appellant Kimberly-Clark Corporation (K–C) seeks review of a decision by the Trademark Trial and Appeal Board (Board or TTAB) dismissing K–C's opposition (No. 66,563) to the application of H. Douglas Enterprises (HDE) to register the mark DOUGIES for combination training pants and disposable diapers (Serial No. 300,461, filed March 9, 1981). The basis of the opposition is that the applicant's mark is likely to cause confusion (or mistake or deception) with respect to K–C's previously used and registered mark HUGGIES for disposable diapers.[1] The Board found no such likelihood of confusion. We disagree and reverse.

### I.

The pertinent facts are essentially undisputed and have been found by the Board. K–C has long manufactured and sold throughout the United States a variety of disposable fiber-based products for personal care, including disposable diapers. In that connection, K–C owns and has registered HUGGIES for such disposable diapers, and since 1978 has widely used that mark on its diaper goods in commerce. Through extensive advertising and distribution, appellant (in the TTAB's words) "has built up extensive goodwill in the product bearing the mark" and "purchas-

---

* The Honorable James Harvey, Senior District Judge, United States District Court, Eastern District of Michigan, sitting by designation.

1. Reg. No. 1,078,967, issued December 6, 1977.

ers have come to recognize the mark as signifying [K–C's disposable diaper] products." K–C's ownership of its mark precedes appellee HDE's use of DOUGIES, and the two products are very closely related. Also, the relevant goods of the two companies may be and are sold in the same trade channels (grocery and drug stores) to the same class of purchasers.[2]

Taking the only issue before it to be "whether applicant's mark DOUGIES so resembles opposer's mark HUGGIES used in closely related goods as to be likely to cause confusion," the TTAB concluded such likelihood does not exist.

## II.

■ Because the ultimate conclusion of likelihood of confusion *vel non* —based on the facts properly found—is a legal matter, we must decide that question for ourselves. *Speciality Brands, Inc. v. Coffee Bean Distributors, Inc.,* 748 F.2d 669, 671, 223 USPQ 1281, 1282 (Fed.Cir.1984); *Giant Food, Inc. v. Nation's Foodservice, Inc.,* 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983). In making that determination, we consider those of the 13 evidentiary factors set forth in *In re DuPont de Nemours,* 476 F.2d 1357, 117 USPQ 563 (CCPA 1973), which are pertinent to this particular case.[3] The Board considered most of those factors. We now reconsider the elements that apply to this case, reaching a different final conclusion from that of the TTAB.

■ A. The relevant similarities between the products and the marks are many. There is no doubt, in the first place, that the goods are "substantially identical" (as the Board put it) and the trade channels

are precisely the same—both types of diapers being sold in the same shopping section of the same type of retail stores. The class of customers is also the same and both products are relatively inexpensive and frequently replaceable. "Purchasers of such products have long been held to a lesser standard of purchasing care." *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 1567, 223 USPQ 1289, 1290 (Fed. Cir.1984).

HUGGIES and DOUGIES sound much alike and actually rhyme, especially if (as seems highly probable to us and to the TTAB) the latter is pronounced as if derived from the name "Doug."[4] This similarity in sound is particularly important in this instance because K–C's evidence shows that its radio and television advertising has strongly stressed the sound-identification of HUGGIES.

The Board thought the commercial impression of the two marks differed significantly—K–C's suggesting a diaper which hugged a baby's body while HDE's would be perceived as derived from the name Doug. But this supposed difference, not a striking one at most, tends to disappear in the face of the evidence showing that K–C often advertises its diapers in connection with one of a number of given children's names. "Doug" could be just such a name, thereby suggesting that the two products come from the same source (or sponsorship) or are somehow connected.

We think, too, that—though the TTAB acknowledged "the very substantial nature of the sales and advertising of [K–C's] HUGGIES disposable diapers (over $300 million in sales and over $15 million in advertising in the year 1982 alone)"[5]—its

**2.** Appellee's goods with the DOUGIES mark have been sold mainly in the area of Philadelphia, Pennsylvania. K–C has considerable trade in HUGGIES in that section of the country.

**3.** *See* this court's directive in *Specialty Brands, supra,* 748 F.2d at 671, 223 USPQ at 1282; *In re Martin's Famous Pastry Shoppe, Inc.,* 748 F.2d 1565, 1566, 223 USPQ 1289 (Fed.Cir.1984); *Giant Food, Inc., supra,* 710 F.2d at 1569, 218 USPQ at 393.

**4.** It appears that DOUGIES was in fact drawn from the family name of the chief figure in appellee HDE, the Reverend Herman Douglas.

**5.** At another point, the Board recognized that K–C "has built up extensive goodwill in the product bearing the mark and that purchasers have come to recognize the mark as signifying" K–C's products. The HUGGIES mark has been used since June 1976 and HUGGIES diapers now rank among the first three brands of disposable diapers.

decision took inadequate account of that *Dupont* factor. In view of the strong record evidence on that point, we hold, as in *Giant Foods, Inc., supra,* "that opposer's mark[s] have acquired considerable fame, which weighs in its favor in determining likelihood of confusion." 710 F.2d at 1570, 218 USPQ at 394.[6]

Another factor favoring K–C is that, in the field of disposable diapers, only appellant had used (prior to appellee's use of DOUGIES) a short, two-syllable mark ending in "IES." There are no other goods of that type with that suffix—except for DOUGIES.

B. The one factor plainly favoring HDE is that there is no proof of actual confusion. Appellee insists that we should also count for it the fact that its trade dress is different from that of HUGGIES. It is settled, however, that a distinction in trade dress cannot weigh against likelihood of confusion with respect to the registration of a simple word mark like DOUGIES. The reason is that such dress might well be changed at any time; only the word mark itself is to be registered. *Vornado, Inc. v. Breuer Electric Mfg. Co.,* 390 F.2d 724, 727, 156 USPQ 340, 342 (CCPA 1968). Accordingly, HDE's strong reliance on *Quaker Oats Co. v. General Mills,* 134 F.2d 429 (7th Cir.1943), is misplaced. That pre-Lanham Act decision did not at all involve registration of the mark "Oaties" (registration had in fact been denied) but solely

differences in packaging and trade dress as against "Wheaties." [7]

### III.

The upshot of our own appraisal of the pertinent factors is that there is indeed a likelihood of confusion with K–C's mark HUGGIES. We are not loath to reach this conclusion because of the teaching of our predecessor court—recently reiterated by this court—that there is "no excuse for even approaching the well-known trademark of a competitor" [8] and "that all doubt as to whether confusion, mistake, or deception is likely is to be resolved against the newcomer, especially where the established mark is one which is famous and applied to an inexpensive product bought by all kinds of people without much care." *Planter's Nut & Chocolate Co. v. Crown Nut Co.,* 305 F.2d 916, 924–25, 134 USPQ 504, 511 (CCPA 1962). To the same effect, *see Specialty Brands, supra,* 748 F.2d at 676, 223 USPQ at 1284. We therefore reverse the decision of the TTAB dismissing K–C's opposition.

REVERSED.

---

6. Appellee quibbles that in the TTAB proceeding K–C did not explicitly say that its mark had acquired "fame," but there is no doubt that appellant presented much evidence on, and strongly urged, the "extensive reputation," "well-known," "distinctive," etc. characteristic of its mark HUGGIES. HDE conceded those facts.

7. Belatedly, appellee argues that "HUGGIES" is descriptive but this separate defense was not raised in its pleadings or briefs below. Only the unlikelihood of confusion was raised against HUGGIES.

8. Reverend Douglas, principal in HDE, testified that he was aware of the HUGGIES mark before he adopted DOUGIES.