846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FRUIT OF THE LOOM, INC., Appellant,
v.
FRUIT OF THE EARTH, INC., assignee of the J.N. Michell
Company, Appellee.
 No. 87-1621.
 United States Court of Appeals, Federal Circuit.
 March 30, 1988.
 
 Before FRIEDMAN, DAVIS and MAYER, Circuit Judges.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 Fruit of the Loom, Inc. appeals the decision of the Trademark Trial and Appeal Board (Board) of the Patent and Trademark Office dismissing its oppositions to the registration (by appellee Fruit of the Earth, Inc.) of FRUIT OF THE EARTH for skin and hair care products. We affirm.
 
 OPINION
 
 2
 Fruit of the Earth, Inc. has applied to register its mark FRUIT OF THE EARTH in design form for use on skin lotion (Application Serial No. 254,999) and in block letters for use on hair shampoo, skin care cream, bath and body oil, toilet soap and skin lotion (Application Serial No. 296,176). Fruit of the Loom's oppositions, Nos. 66,220 and 67,133, were consolidated before the Board. A divided Board found that there was no likelihood of confusion between the two marks.
 
 
 3
 Likelihood of confusion is a question of law. Giant Food, v. Nation's Foodservice, 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983); Kimberly-Clark Corp. v. H. Douglas Enterprises, 774 F.2d 1144, 1146, 227 USPQ 541, 542 (Fed.Cir.1985). That determination is made after taking into account thirteen evidentiary factors set forth in In re Dupont de Nemours, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973). While all relevant evidence must be considered, reasonable men may differ on what weight to give specific evidentiary elements in a particular case, and different elements may play a dominant role in different cases. Id. at 1361-62, 117 USPQ at 567-68.
 
 
 4
 The analyses of relevant factors in the Board's majority and minority opinions contain some evidence suggesting that confusion may be likely, and other evidence that confusion is unlikely:
 
 
 5
 1. Similarity or dissimilarity of the marks. The marks have three out of four words in common, with a similar "lilt and cadence," but the connotations are different. FRUIT OF THE LOOM has a connotation of a product of a loom, i.e. woven textile, while FRUIT OF THE EARTH has a connotation of natural products or ingredients derived from the earth, in keeping with the promotion of its products as "Nature Inspired."
 
 
 6
 2. Nature of the goods. The goods are dissimilar. However, the Board acknowledged a trend for apparel and cosmetic and toiletry products to be sold or sponsored by the same entities (e.g., CALVIN KLEIN, CHRISTIAN DIOR, CHANEL), and recognized that this relationship could lead to confusion as to the source of the goods. E.g., In re Christian Dior, S.A., 225 USPQ 533, 534 (TTAB 1985). The Board also noted, however, that the link between cosmetics and clothing marketing is important mainly for high-fashion marks, usually involving the names of well known designers. The Board found that FRUIT OF THE LOOM is not known as a high fashion mark. There is no per se rule that there is a likelihood of confusion when the same or similar mark is applied to clothing and to toiletry or cosmetic products; each case must be resolved on its own facts. In re Jacques Bernier, Inc., 1 USPQ2d 1924, 1925 (TTAB 1987).
 
 
 7
 3. Trade channels. The goods of both parties are advertised in the same media and are sold in some of the same trade channels, including supermarkets, drug stores and department stores. The Board also noted that the goods are sold in different departments. Trade channels become a less important factor in mass merchandise stores that sell a wide range of goods where the goods in question are sold in different departments. Interstate Brands Corp. v. Celestial Seasonings, Inc., 576 F.2d 926, 928, 198 USPQ 151, 153 (CCPA 1978).
 
 
 8
 4. Circumstances of sale. This was not discussed by the Board, but the dissent pointed out that consumers probably do not exercise special care in selecting either of the products.
 
 
 9
 5. Fame of the prior mark. Famous marks may be entitled to a broader scope of protection in order to prevent consumer confusion. Specialty Brands, Inc. v. Coffee Bean Distrib., Inc., 748 F.2d 669, 675, 223 USPQ 1281, 1284 (Fed.Cir.1984). FRUIT OF THE LOOM has long been established as a famous mark in men's underwear, and has recently become a major mark in women's underwear. The mark has also been used on certain other goods, but the Board gave weight to the results of surveys taken for Fruit of the Loom which showed that the mark was widely recognized only for underwear. The Board also found that the dissimilarities between the marks made the "famous name" argument less persuasive. See Land O'Lakes v. Land O'Frost, 224 USPQ 1022, 1026-27 (TTAB 1984).
 
 
 10
 6. Third party use. Evidence showed the use of "FRUIT OF THE" in a variety of other marks, mainly in connection with food, but none in the clothing or cosmetic fields.
 
 
 11
 7. Evidence of actual confusion. There was no evidence of actual confusion during the period when the marks coexisted. The dissent noted that because of the low cost of the products, consumer confusion was less likely to be reported.
 
 
 12
 The factors to be considered in determining likelihood of confusion point in different directions. It was necessary for the Board to determine how much importance to give to each factor in reaching its overall legal conclusion. The Board gave greatest weight to the essential dissimilarity of marks as wholes. The Board found that the marks differed in their appearance, sound, commercial impression and connotation. We agree. These differences between the marks were enough to overcome any confusion that might result from the sale in the same mass merchandise stores or from the fame of the FRUIT OF THE LOOM mark in apparel. We hold the Board's assessment of the weight to be given the DuPont factors in this particular case to be reasonable and correct. Accordingly, the decision of the Board to dismiss the oppositions is affirmed.