865 F.2d 269
 9 U.S.P.Q.2d 2007
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Horace D. HOLMES, Appellant,
v.
ALLISON MANUFACTURING CORPORATION, d/b/a Nobur Manufacturing
Company, Appellee.
 No. 88-1456.
 United States Court of Appeals, Federal Circuit.
 Dec. 22, 1988.
 
 Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (Board), Opposition No. 70,450, sustaining the opposition of Allison Manufacturing Corporation (Allison) to Horace D. Holmes' trademark application, Serial No. 419,667, and refusing to register the trademark SPIRALOCK for taps for producing a compound angle modified buttress form in holes,* is reversed.
 
 OPINION
 
 2
 The issue of likelihood of confusion is a legal question that requires us to decide the matter for ourselves. Kimberly-Clark Corp. v. H. Douglas Enters., Ltd., 774 F.2d 1144, 1146, 227 USPQ 541, 542 (Fed.Cir.1985). Because of differences between the goods, dissimilarities in the marks, and the absence of any evidence of actual confusion despite 12 years of concurrent use and 10 years of legal entanglement, we disagree with the Board's conclusion that likelihood of confusion is inevitable.
 
 
 3
 The Board held that all the necessary elements of estoppel by acquiescence had been proven but refused to apply the equitable defense because likelihood of confusion was inevitable. Because likelihood of confusion is clearly not without reasonable doubt, Allison is prevented from opposing Holmes' application. See Coach House Restaurant, Inc. v. Coach and Six Restaurants, Inc., 223 USPQ 176, 179 (TTAB 1984) (Allen, concurring in part and dissenting in part) (explaining that where the elements of estoppel by acquiescence are present and the likelihood of confusion is not inevitable, grounds for cancellation no longer exist).
 
 
 
 *
 Because the Board has granted Holmes' motion to amend the description of goods to specific taps, we, like the Board, treat the application as if it had already been amended