868 F.2d 1277
 10 U.S.P.Q.2d 1317
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
JAMES B. BEAM DISTILLING CO., Appellant,
v.
BEAMISH & CRAWFORD LIMITED, Appellee.
 No. 88-1433.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1989.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and BISSELL, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 James B. Beam Distilling Co. (Beam Distilling) appeals the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board (board), cancellation No. 14,221, denying Beam Distilling's petition to cancel Beamish & Crawford Limited's (B & C) Supplemental Register registration, No. 1,247,430, of the mark BEAMISH for stout. The board's decision is reversed.
 
 OPINION
 
 2
 In denying Beam Distilling's petition to cancel, the board concluded that B & C's mark BEAMISH for stout is not likely to cause confusion with respect to Beam Distilling's previously used and registered marks BEAMEISTER for light Rhine wine; BEAMERO for tequila; and JIM BEAM, BONDED BEAM, GENUINE BEAM WHISKEY, MOON BEAM, BEAM'S 86, COLONEL JAMES B. BEAM, KENTUCKY BEAM, BEAM'S CHOICE, BEAM'S PIN-BOTTLE, and BEAM'S TEN-PIN for whiskey (collectively, Beam Distilling's trademarks). We disagree.
 
 
 3
 While the factual findings of the board are governed by the clearly erroneous standard, see Specialty Brands, Inc. v. Coffee Bean Distributors, Inc., 748 F.2d 669, 671, 223 USPQ 1281, 1282 (Fed.Cir.1984), the issue of likelihood of confusion is a legal matter to be decided by this court. Kimberly-Clark Corp. v. H. Douglas Enterprises, Ltd., 774 F.2d 1144, 1146, 227 USPQ 541, 542 (Fed.Cir.1985). In deciding the issue of likelihood of confusion, we consider the evidentiary factors set forth in In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973), which factors are relevant to this case. Kimberly-Clark, supra.
 
 
 4
 The board, in holding no likelihood of confusion, chose to give greater weight to 2 of the 13 DuPont factors, namely the dissimilarities in the goods and the dissimilarities in the marks. The board found that stout and whiskey are "distinctly different products." Also, the board found that B & C's mark BEAMISH and Beam Distilling's trademarks are "only somewhat similar in appearance, rather than identical." However, because of the similarities in the goods, the similarities in the marks, the similarity of trade channels, the absence of third-party marks containing the word BEAM in use on any type of beverages, and the considerable fame Beam Distilling's trademarks have acquired, we disagree with the board's conclusion that there is no likelihood of confusion.
 
 
 5
 In the case before us, all of the goods involved, i.e., B & C's stout and Beam Distilling's whiskey, tequila, and light Rhine wine, are properly classified as alcoholic beverages. While it is true that there are some dissimilarities between the goods, we do not agree with the board that stout and whiskey are distinctly different products. See, e.g., Fleischmann Distilling Corp. v. Maier Brewing Co., 314 F.2d 149, 159-60, 136 USPQ 508, 518 (9th Cir.), cert. denied, 374 U.S. 830 (1963) (finding that beer and Scotch whiskey, which are both alcoholic beverages, are "so related as to fall within the mischief which equity should prevent"). However, we do not deem this finding by the board clearly erroneous. Instead, we conclude that the board, in reaching the conclusion that confusion is not likely, attributed improper weight to this finding in its balance of DuPont factors.
 
 
 6
 Another factor to consider under DuPont is the similarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression. Furthermore, although the marks must be regarded in their entireties, it is proper to give greater force and effect to a mark's dominant feature. See Burger Chef Systems, Inc. v. Sandwich Chef, Inc., 608 F.2d 875, 878, 203 USPQ 733, 734-35 (CCPA 1979); Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1570, 218 USPQ 390, 395 (Fed.Cir.1983). In this case, it cannot be disputed that the word BEAM is the dominant feature in B & C's mark BEAMISH and in all of Beam Distilling's trademarks. While we agree with the board that the marks are not identical, we disagree with the board's characterization of the marks as "only somewhat similar in appearance." Again, we conclude that the board assigned undue weight to this finding in its balance of DuPont factors.
 
 
 7
 The remaining factors which are pertinent to this case plainly favor Beam Distilling. As recognized by the board, the channels of trade through which both B & C and Beam Distilling market their respective products are very similar. Second, there is no evidence in the record that marks containing the word BEAM are used by third parties on alcoholic beverages or similar goods. Third, Beam Distilling's trademarks have acquired considerable fame by reason of extensive advertising, promotion, and use.
 
 
 8
 We conclude that the board, in its balance of DuPont factors, afforded undue weight to the dissimilarities in the goods and in the marks. After considering all the DuPont factors, we hold that B & C's mark BEAMISH so resembles Beam Distilling's trademarks that it is likely to cause confusion. Accordingly, Beam Distilling's petition to cancel B & C's registration for the mark BEAMISH was improperly denied.