923 F.2d 869
 17 U.S.P.Q.2d 1726
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN MOBILPHONE, INC., Appellant,
v.
AMERICAN PAGING, INC., Appellee.
 No. 90-1205.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1990.
 
 Before MICHEL, Circuit Judge, BALDWIN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 BALDWIN, Senior Circuit Judge.
 
 
 1
 American Mobilphone, Inc. (AMI) appeals from a decision of the Trademark Trial and Appeal Board of the Patent and Trademark Office (Board), Cancellation No. 16,232, dated November 15, 1989, granting the petition of American Paging, Inc. (American Paging) to cancel the registration of AMI's service mark, "AMERICAN MOBILPHONE PAGING." We affirm.
 
 OPINION
 
 2
 AMI's appeal raises three issues. The first issue concerns priority of use. AMI asserts that it is entitled to maintain its registration either because AMI used the mark "AMERICAN MOBILPHONE PAGING" prior to September 1981, or because AMI is entitled to "tack" its use of "AMERICAN MOBILPHONE PAGING" onto AMI's earlier use of "AMERICAN MOBILPHONE."
 
 
 3
 The Board found American Paging's "first use" as September 1981, and AMI's "first use" as July 15, 1983. Our standard of review for the factual findings of the Board is "clearly erroneous." Stock Pot, Inc. v. Stockpot, Inc., 737 F.2d 1576, 1578 (Fed.Cir.1984). Based on the record, there is little doubt that American Paging began using its mark in September 1981, or that AMI claimed July 15, 1983, as AMI's "first use" in its application to register the "AMERICAN MOBILPHONE PAGING" mark.
 
 
 4
 AMI's use of the "AMERICAN MOBILPHONE" mark however commenced in January 1980 and therefore predates American Paging's use of its mark. AMI argues that the addition in 1983 of the word "PAGING" is merely descriptive for the services it provided all along and, as a result, that "tacking" onto the AMI service mark should be permitted to allow AMI to establish priority in the "AMERICAN MOBILPHONE PAGING" mark.
 
 
 5
 The Board held that the two marks, "AMERICAN MOBILPHONE" and "AMERICAN MOBILPHONE PAGING," are not legally equivalent and that purchasers would distinguish between them. Consequently, the Board determined that these marks cannot be "tacked" together to establish priority in favor of AMI. When reviewing a legal conclusion, this court will view the issue de novo. Kimberly-Clark Corp. v. H. Douglas Enter. Ltd., 774 F.2d 1144, 1146 (Fed.Cir.1985). Nevertheless, after a careful review of the facts, we agree with the Board and hold that its conclusions are correct as a matter of law. We base our conclusion on the Board's analysis and its distinction of American Security Bank v. American Security & Trust Co., 571 F.2d 564 (CCPA 1970), from the case presented here.
 
 
 6
 Second, AMI argues that American Paging's claim is barred by the Doctrine of Unclean Hands because American Paging misused the federal trademark symbol prior to registering its mark, "AMERICAN PAGING." The Board concluded, however, that American Paging's pre-registration use of the Federal trademark symbol was inadvertent and not a deliberate act to deceive. There is nothing in the record to suggest that the Board's findings on this issue are clearly erroneous or an abuse of discretion.
 
 
 7
 Finally, AMI asserts that American Paging does not have standing to petition for cancellation of AMI's mark because it failed to show secondary meaning for its mark "AMERICAN PAGING." The standing question need not be entertained here because AMI failed to raise the issue before the Board. This court will not address issues raised for the first time on appeal. Midland Cooperatives, Inc. v. Midland International Corp., 421 F.2d 754, 758-9 (CCPA 1970).
 
 
 8
 For the foregoing reasons, the decision of the Board to grant American Paging's petition for cancellation of AMI's service mark registration of "AMERICAN MOBILPHONE PAGING" is affirmed.
 
 
 9
 LOURIE, Circuit Judge, Dissenting.
 
 
 10
 I dissent from the decision of the majority in affirming the Trademark Trial and Appeal Board's ("Board") grant of appellee's petition to cancel appellant's registration of the service mark "AMERICAN MOBILPHONE PAGING." I believe that appellant's prior registered service mark "AMERICAN MOBILPHONE" and design is the legal equivalent of appellant's later used service mark "AMERICAN MOBILPHONE PAGING" and design, and that appellant should be able to "tack" its use of the mark AMERICAN MOBILPHONE onto the mark AMERICAN MOBILPHONE PAGING and predate appellee's use of the mark AMERICAN PAGING. The Board acknowledged that the question of tacking is a "close question," but concluded that purchasers of mobile phones and purchasers of pagers "would distinguish the two marks and would not consider them to be the same."
 
 
 11
 As the majority pointed out, the question of legal equivalence is an issue of law which we review de novo. The principal cases pertinent to this issue are Ilco Corp. v. Ideal Security Hardware Corp., 527 F.2d 1221, 188 USPQ 485 (CCPA 1976) and American Sec. Bank v. Am. Sec. & Trust Co., 571 F.2d 564, 197 USPQ 65 (CCPA 1978), both decided by our predecessor court, the Court of Customs and Patent Appeals.
 
 
 12
 In Ilco, the court stated that "[t]he law permits a user who changes the form of its mark to retain the benefit of its use of the earlier form, without abandonment, if the new and old forms create the same, continuing commercial impression." 527 F.2d at 1224, 188 USPQ at 487 (emphasis in original). The owner of the mark at issue in that case, HOME PROTECTION CENTER, was not entitled to rely on the owner's prior use of the mark HOME PROTECTION HARDWARE. The marks were considered to create a different commercial impression, the former mark signifying a unitary aggregation of goods related to home protection, the latter mark referring to the hardware itself and not to its collection in one place. The court thus declined to adopt the Board's "merger" theory. Id. at 1224-25, 188 USPQ at 487. There was no indication that more was involved in the analysis of the marks than the words themselves.
 
 
 13
 In contrast, in American Security Bank, the court considered whether the mark AMERICAN SECURITY was the legal equivalent of the later mark AMERICAN SECURITY BANK. It concluded that the word BANK, a descriptive term, added nothing to the origin-indicating significance of the existing service mark AMERICAN SECURITY and that customers who had used the services knew they were dealing with a bank. 571 F.2d at 567-68, 197 USPQ at 67. American Security Bank thus established that similar trademarks (and service marks) can be legal equivalents of each other, depending on the view of customers, and thus the second mark can date back, for priority purposes, to the use of the first mark.
 
 
 14
 This case involves facts similar to American Security Bank, rather than to Ilco. Appellant was engaged in a business in which it did not use a descriptive term for the paging business with its service mark. Shortly after being incorporated, AMERICAN MOBILPHONE had in fact acquired the assets of an ongoing paging business, "Alabama Paging." Appellant's customers knew that it was in the paging business since that was a larger part of its business than mobile phones. Numerous advertisements, placed by appellant, advertised its paging business with the AMERICAN MOBILPHONE mark. For example, prior to appellee's use of AMERICAN PAGING, appellant advertised itself, both over the radio and in the telephone directory, as a beeper-paging business. Mobile phones were not in widespread use during the period of time in question and were thought of as part of the paging-remote communications business.
 
 
 15
 Clearly, the mobile phone and paging businesses were similar, pagers and mobile phones both being used to communicate with people in offsite locations. Even if mobile phones were not thought to be the same as pagers, they were similar enough for the legal principle articulated in American Security Bank to apply.
 
 
 16
 Most significantly, one must view a mark by its overall impression, not just by the words of the mark. See In re Electrolyte Laboratories, Inc., 913 F.2d 930, 932, 16 USPQ2d 1239, 1240 (Fed.Cir.1990) ("likelihood of confusion depends on the overall impression of the marks"). The two marks involved here appear as follows:
 
 
 17
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 18
 The mark which is the subject of the present cancellation proceeding consists of the word AMERICAN in large block letters, underneath which are the words MOBILPHONE PAGING in smaller block letters, beneath which is a star on the left and two horizontal stripes to the center and right. The earlier mark of appellant consists of the same large and small block letters, except for the word PAGING, plus the same star and horizontal stripes, all arranged in the same way.
 
 
 19
 The facts here are distinguishable from those in Ilco in that the involved marks do not create different commercial impressions. While the Ilco marks differ in one out of three words, here the overall impression created by the block letters and the star and stripes is the same for both marks, all the words of the earlier mark are in the later mark, and only one word descriptive of a related service which was offered from the time of the earlier registration has been added. This case therefore is more analogous to American Security than to Ilco.
 
 
 20
 Thus, in view of the fact that the additional word PAGING is a small part of the overall mark, that it is closely related to the mobile phone business mentioned in the earlier mark, and that appellant had used the designation PAGING in its earlier business activities, I would hold that the earlier mark is the legal equivalent of the later mark and that appellant should have been permitted to tack on its earlier use to the later used mark.
 
 
 21
 Finally, in a close case such as this, the policy of the trademark law ought to be considered. Avoidance of confusion in the marketplace is highly desirable. Here, American Paging, with the whole universe of corporate names and trademarks from which to choose, adopted a name and mark close to that which characterized the name and business of another company. I do not believe that the later entrant should be able to do this and then succeed in cancelling the mark adopted by the earlier entrant as an accurate indication of its business. After all, American Mobilphone registered a mark with the names American and Paging before American Paging did.
 
 
 22
 Accordingly, I would vacate the decision of the Board and remand for it to address petitioner's claim that registrant has abandoned its rights in the mark AMERICAN MOBILPHONE PAGING and design.