983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Philip J. MORAN, d/b/a P.J. Enterprises, Appellant,
v.
PIK-A-PITA ASSOCIATES LIMITED PARTNERSHIP, Appellee.
 No. 92-1229.
 United States Court of Appeals, Federal Circuit.
 Nov. 19, 1992.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 P.J. Enterprises, hereinafter opposer, appeals from the decision of the Trademark Trial and Appeals Board (Board) dismissing Opposition No. 79,198. The Board held that there is no likelihood of confusion between the applicant's mark PIKAPITA with sandwich design and opposer's stylized word mark PAK-A-PITA. We vacate the decision and remand.
 
 DISCUSSION
 
 2
 The opposer has used the trademark PAK-A-PITA with stylized lettering and a pita sandwich design since 1984. In 1985, the opposer registered only the stylized word mark PAK-A-PITA with the Patent and Trademark Office. The registered trademark PAK-A-PITA is used, however, in conjunction with a sandwich design on packages which contain pita bread. Opposer sells the packages containing pita bread to distributors who in turn sell the packages to retailers.
 
 
 3
 Since 1987, PIK-A-PITA Associates Limited Partnership, hereinafter applicant, has been using the trademark PIKAPITA with a pita sandwich design for services provided by several sandwich restaurants. On January 6, 1988, applicant sought registration of the trademark PIKAPITA with a pita sandwich design. The trademark application stated that the trademark PIKAPITA with a pita sandwich design was to be used in connection with restaurant services. After the trademark was published in the Official Gazette on October 4, 1988, opposer filed a Notice of Opposition to the PIKAPITA application alleging there was a likelihood of confusion with the registered trademark PAK-A-PITA and the prior use of PAK-A-PITA with the sandwich design.
 
 
 4
 In assessing the likelihood of confusion, the Board only compared the applicant's mark PIKAPITA, which includes a sandwich design, with the opposer's stylized word mark PAK-A-PITA. The Board found that there was no likelihood of confusion and dismissed the opposition. In denying the Request for Reconsideration, the Board stated that the opposer's mark as pled and entered into the record only included the stylized word mark PAK-A-PITA. Joint Appendix at 10. Before this court, the opposer argues that the Board erred by not considering the opposer's sandwich design, which accompanies the stylized word mark in actual use, when assessing the likelihood of confusion. We agree.
 
 
 5
 The Lanham Act expressly provides for opposition to an applicant's registration based not only upon previously registered trademarks, but also upon the prior use of unregistered trademarks. See 15 U.S.C. § 1052(d) (1988). In addition, case law has established that an opposer is entitled to rely upon prior uses of unregistered designs which accompany registered word marks. Burger Chef Systems, Inc. v. Burger Man, Inc., 492 F.2d 1398 (CCPA 1974). In Burger Chef, our predecessor court utilized evidence of the opposer's unregistered chef design used in conjunction with a registered word mark for purposes of determining the likelihood of confusion. Id. at 1399.
 
 
 6
 In light of Burger Chef, the Board erred by not considering the evidence of the opposer's sandwich design when assessing the likelihood of confusion. Clearly, the record establishes that the opposer had previously and continuously used the sandwich design with the stylized word mark PAK-A-PITA on the packages of pita bread as well as various business forms. See Joint Appendix at 42-58. In contrast, applicant argues that the opposer made no depiction of or reference to the sandwich design in the notice of opposition and therefore the Board properly did not consider the sandwich design. Appellee's Brief at 11. Yet, in the Notice of Opposition, opposer's trademark is referred to as "PAK-A-PITA & Design". Joint Appendix at 31. Opposer's reference to a design is perhaps ambiguous, but the evidence presented to the Board clearly establishes opposer's prior use of a sandwich design in conjunction with the stylized word mark PAK-A-PITA. Therefore, the applicant's argument must be rejected. The purpose of an opposition proceeding would only be frustrated by such narrow interpretation of pleading rules, especially in light of the evidence entered by the opposer and accepted by the Board.
 
 
 7
 For the reasons stated, the decision of the Board is vacated and remanded with instructions for the Board to redetermine the likelihood of confusion based upon the opposer's use of the PAK-A-PITA trademark with sandwich design. It is so ordered.