5 F.3d 1507
 28 U.S.P.Q.2d 1319
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AFP IMAGING CORPORATION, Appellant,
v.
WOMEN & INFANTS HOSPITAL OF RHODE ISLAND, Appellee.
 No. 93-1132.
 United States Court of Appeals, Federal Circuit.
 Aug. 31, 1993.
 
 Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 AFP Imaging Corporation (opposer) appeals from the August 26, 1992 decision of the Trademark Trial and Appeal Board (Board) dismissing Opposition No. 82,972, to the registration of the mark "AFP PLUS" for prenatal screening services for Down Syndrome. Because opposer has failed to show that the findings which support the Board's conclusion of no likelihood of confusion are clearly erroneous and because the Board's weighing of the Dupont[1] factors was proper, we affirm.
 
 DISCUSSION
 
 2
 Opposer argues, as it did before the Board, that the respective marks are confusingly similar. Opposer has registered the marks AFP and AFP IMAGING and Women & Infants Hospital of Rhode Island (Hospital) desires registration of the mark AFP PLUS. Opposer asserts, therefore, that the public will believe that the "[h]ospital's services use an improved version of AFP's products or comprise an addition to its product line." The Board did not accept this argument as persuasive because it found that the marks create a "markedly different commercial impression." Slip Op. at 16. The Board found that "AFP" used in connection with testing for Down Syndrome does not suggest sponsorship by opposer, but instead suggests "alpha-fetoprotein," the level of which determines the risk of Down Syndrome.
 
 
 3
 We review the Board's findings under the clearly erroneous standard. Stock Pot Restaurant, Inc. v. Stockpot, Inc., 737 F.2d 1576, 1578, 222 USPQ 665, 666-67 (Fed.Cir.1984). Under this standard, the Board's findings will be upheld unless, in light of the evidence, they are clearly or manifestly wrong. Id., 222 USPQ at 666-67. The ultimate conclusion of likelihood of confusion is a question of law which we review de novo. Kenner Parker Toys Inc. v. Rose Art Indus. Inc., 963 F.2d 350, 352, 22 USPQ2d 1453, 1455 (Fed.Cir.1992). This court is not bound by the Board's determination on likelihood of confusion, and may reconsider the factors or elements that apply in determining likelihood of confusion. Kimberly-Clark Corp. v. H. Douglas Enters., Ltd., 774 F.2d 1144, 1146, 227 USPQ 541, 542 (Fed.Cir.1985).
 
 
 4
 Although opposer challenges the Board's finding regarding commercial impression as unsupported by the record, several pieces of medical literature introduced by the hospital, including a pediatric textbook and several journal articles, support the Board's finding. In that literature, the initials "AFP" are used interchangeably with "alpha-fetoprotein." Although the literature is not direct evidence of the consuming public's commercial impression, it certainly supports the Board's finding that obstetricians and other physicians who might refer their patients to the hospital for its screening services would regard "AFP" as an "acronym for alpha-fetoprotein." Slip op. at 15. As such the Board's finding of differing commercial impression does have a basis in the record and is not clearly erroneous.
 
 
 5
 Concerning the goods and services provided by the respective parties, opposer asserts that the Board erred in finding that the hospital's services are limited to testing blood samples. This argument is not persuasive. The brochure distributed by the hospital that describes the "AFP PLUS" screening service makes it clear that the "AFP PLUS" test is limited to a blood test. While the brochure goes on to describe follow-up tests which may be recommended if the "AFP PLUS" test is positive, those tests are not described as a part of the "AFP PLUS" test itself. Thus, the Board's finding of "significantly disparate services and goods" is supported by the record and is not clearly erroneous.
 
 
 6
 Based on these findings, the Board ultimately concluded that there is no likelihood of confusion, stating "[t]he similarities in sound and appearance ... are simply outweighed by the differences in connotation and commercial impression that result from the use of such term [sic] in connection with significantly disparate services and goods." Slip op. at 16. "As dictated by the evidence, different factors may play dominant roles in determining likelihood of confusion." Kenner, 963 F.2d at 352, 22 USPQ2d at 1456.
 
 
 7
 Concerning the Board's weighing of the various factors, each of the parties note the various Dupont factors that arguably weigh in its favor. For example, opposer notes the overlap of trade channels, the "fame" of "AFP" in the medical community, and the fact that opposer markets a family of medical products. Similarly, the hospital notes that there is no evidence of actual confusion, that its mark is a service mark while opposer's mark applies to products, and that the purchasers of the goods and services at issue here are sophisticated.
 
 
 8
 While there are strong and weak factors presented here on the issue of likelihood of confusion, making this a close case, opposer has failed to show that the Board's weighing of the various factors was improper. Moreover, although our review is de novo, in a case such as this, where the findings which support the Board's conclusion are not clearly erroneous, where no one factor plays a dominant role, and where the Board's weighing of the factors was reasonable, we see no reason not to defer to the expertise of the Board. Accordingly, we affirm.
 
 
 
 [1]
 In re E.I. duPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA1973)